**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JONATHAN ANDREW GORDON,**

       **Plaintiff,**

v.                                          **Civil Action No. 3:12cv34
(Judge Groh)**

**TYGART VALLEY REGIONAL JAIL,
LIS WAMSLEY,**

       **Defendants.**

**ROSEBORO NOTICE**

       On August 7, 2012, the defendant, Tgart valley Regional Jail, filed a Motion to Dismiss. Because the plaintiff is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file a response, and to alert him to the fact that his failure to respond could result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

       In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint

must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

When a motion to dismiss is accompanied by affidavits, exhibits and other documents, the motion will be construed as a motion for summary judgment. Fed.R.Civ.P. 12(d). Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©. "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party is required "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 322.

When a moving party supports its Rule 56 motion with affidavits and other materials, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted).

Therefore, within **twenty-one (21) days** of the date of this Order, the plaintiff shall file any opposition he has to the defendant's motion, explaining why his case should not be dismissed. The plaintiff's response **shall not exceed 25 pages**.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: 8-8-2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE