**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JONATHAN ANDREW GORDON,**

    Plaintiff,

v.                                                      **CIVIL ACTION NO. 3:12-CV-34
(JUDGE GROH)**

**TYGART VALLEY REGIONAL JAIL
and LISA WAMSLEY,**

    Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

**I. Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Standing Order, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Joel filed his R & R [Doc. 37] on February 4, 2013. In that filing, the magistrate judge recommends that this Court grant the Defendants' Motions to Dismiss [Docs. 11 & 16], deny the Plaintiff's Motions for Default Judgment [Docs. 22 and 27], deny the Plaintiff's Motion for Sanctions and Judicial Notice [Doc. 31], and dismiss the Plaintiff's case.

Pursuant to 28 U.S.C. §636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. §636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days after being served with a copy of the R & R pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The Plaintiff timely filed his objections on February 19, 2013 [Doc. 38]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R & R for clear error.

## II.  Background

The *pro se* Plaintiff, who, by his own account, has a history of mental illness, alleges that he was taken into the custody of Defendant Tygart Valley Regional Jail ("TVRJ") on October 24, 2010, while suffering from a "psychotic episode." The Plaintiff alleges that the medical staff at TVRJ, including Defendant Lisa Wamsley, were made aware of the Plaintiff's history of mental illness by the Plaintiff's father via telephone. The Plaintiff alleges that on October 28, 2010, he was transferred to William R. Sharpe, Jr. Hospital in Weston, West Virginia, where he was admitted "with abrasions: above the left eye, groin, and each side of the posterior torso; ecchymosis: beneath the left pectoral on the abdomen, upper left quadriceps, forearms, each side of the posterior torso; burns: left forearm, ankles, and feet."

The Plaintiff alleges that in addition to the above-mentioned physical injuries which

he sustained at TVRJ, the failure of Defendant TVRJ to obtain timely psychological treatment for the Plaintiff resulted in the Plaintiff suffering "physical and long term psychological injuries which required an inpatient hospitalization of forty days, and continued counseling and psychiatric sessions." The Plaintiff also alleges the following specific injuries: (1) extreme physical pain and suffering; (2) extreme mental anguish and suffering; (3) long-term mental impairment; (4) loss of future earning capacity and benefits; (5) loss of capacity to enjoy life and engage in normal activities; (6) past and future medical expenses; (7) "a small scar on his left elbow;" and (8) annoyance and inconvenience.

On April 25, 2012, the Plaintiff filed a handwritten Complaint [Doc. 1], asserting causes of action pursuant to both 42 U.S.C. §1981 and 42 U.S.C. §1983. On that same day, the Clerk's office sent the Plaintiff a Notice of Deficient Pleading [Doc. 3], to which the Clerk's office attached an Approved §1983 Form [Doc. 3-1]. On May 9, 2012, the Plaintiff filed a "Response to Dismissal for Failure to Fill Out Form According to Rules of Local Prisoner Litigation" [Doc. 6], in which he asserted that "Plaintiff has not sought relief under 42 U.S.C. §1983, and has pursued this civil action under 42 U.S.C. §1981 and the American [sic] with Disabilities Act." The Plaintiff attached to this Response a typewritten Complaint [Doc. 6-1]. The Complaint contains the following counts: assault and battery, allegedly committed by both Defendants TVRJ and Wamsley (Count I); "impairment and abuse of civil rights under color of state law," allegedly committed by both Defendants TVRJ and Wamsley (Count II); "class action for prisoners suffering from mental illness" and "cruel and unusual punishment," allegedly committed by Defendant TVRJ (Count III); medical malpractice, allegedly committed by Defendant Wamsley (Count IV); "punitive

3

damages," sought against Defendant Wamsley (Count V); and "retaliatory damages," sought against both Defendants TVRJ and Wamsley (Count VI).[1]

On May 18, 2012, the Court entered an Order Vacating Notice of Deficient Pleading and Requiring Service of Process [Doc. 7], finding that "[a]lthough the plaintiff was a detainee during the period in question, he is currently not an incarcerated individual . . . [a]ccordingly, it would appear that the Local Rules of Prisoner Litigation do not apply . . . [t]herefore, the Notice of Deficient Pleading which was issued on April 25, 2012 is vacated."

On August 7, 2012, Defendant TVRJ filed a Motion to Dismiss [Doc. 11]. On August 8, 2012, an accompanying **Roseboro** Notice was sent to the Plaintiff [Doc. 13].

On August 17, 2012, Defendant Lisa Wamsley filed a Motion to Dismiss [Doc. 16]. On August 23, 2012, an accompanying **Roseboro** Notice was sent to the Plaintiff [Doc. 19].

On August 28, 2012, the Plaintiff filed a "Response to Defendant's Partial Motion to Dismiss and Motion for Default Judgment" [Doc. 22]. On September 18, 2012, the Plaintiff filed a "Response to Defendant Lisa Wamsley's Untimely filed Motion to Dismiss [and] Motion for Default Judgment" [Doc. 27]. On November 26, 2012, the Plaintiff filed a document styled "Judicial Notice," which included a motion for sanctions [Doc. 31].

On February 4, 2013, the magistrate judge issued his R & R [Doc. 37]. On February 19, 2013, the Plaintiff filed objections [Doc. 38].

---

[1] In the Plaintiff's typewritten Complaint [Doc. 6-1], the Plaintiff lists two counts as "Count IV." For purposes of this Order, the Court has resequenced the Plaintiff's counts in numerical order, beginning with Count I. Hence, the second "Count IV" becomes Count V, "Count V" becomes Count VI, and so on.

## III. Analysis

The magistrate judge recommended that Defendant TVRJ's motion to dismiss be granted and TVRJ dismissed with prejudice as a party defendant to this action, that Defendant Wamsley's motion to dismiss be granted and Defendant Wamsley dismissed without prejudice as a party defendant to this action, that the Plaintiff's motions for default judgment be denied, that the Plaintiff's motion for sanctions and "judicial notice" be denied, and that this case be closed. The Plaintiff has filed the following two objections:

1. "The Magistrate erred in his analysis of plaintiff's complaint when he says that the Plaintiff 'asserts no facts to support a legal conclusion that he was discriminated against based on his disability. In essence, he is making a claim of deliberate indifference to his medical needs, or a claim of malpractice, neither of which state a claim under the ADA.'" The Plaintiff avers that "I have alleged within my complaint that I was denied access to the mental health care program; I was beaten and placed in a restraint chair twelve times because of my disability."

2. "The Magistrate erred when denying the motion for sanctions when the Magistrate found 'it is preposterous for the plaintiff to allege that counsel suggests that the proper medical treatment for a psychotic episode is placing someone in a restraint chair.'"

The Court will accordingly review the portions of the R & R to which the Plaintiff has objected *de novo*.

5

### A. The Americans with Disabilities Act

In Count II of his Complaint, the Plaintiff alleges that he "was part of a protected class according to the Americans with Disabilities Act and was denied his most basic human rights [under] 42 USC 1981(c) 'under the color of state law.'"[2] In support of this allegation, the Plaintiff asserts that the Defendants used excessive force against the Plaintiff during "cell extractions," and that the Plaintiff was placed in a restraint chair on twelve different occasions. The Plaintiff alleges that the Defendants had "subjective knowledge" of the Plaintiff's medical condition, that the Plaintiff's medical condition "was exacerbated by the use of excessive force and denial of medical treatment," and that "[t]he Defendants' intentional discrimination against the Plaintiff as a member of a protected class resulted in . . . intimidation, physical abuse, and humiliation of the Plaintiff."

In Count VI of his Complaint, the Plaintiff alleges that "[r]etaliatory damages are due to Plaintiff . . . as he was a member of a protected class according to the Americans with Disabilities Act, and he was subject to neglect, abuse, intimidation and humiliation by agents of the Defendant because of his disability . . . ."

The Americans with Disabilities Act ("ADA") contains three titles which address discrimination against persons with disabilities in three contexts. Title I bars employment discrimination, *see* 42 U.S.C. §12112, Title II bars discrimination in services offered by public entities, *see* 42 U.S.C. §12132, and Title III bars discrimination by public accommodations engaged in interstate commerce, such as restaurants, hotels, and

---

[2]As the magistrate judge properly found, 42 U.S.C. §1981 by its plain terms applies to claims of racial discrimination, not discrimination based upon mental illness.

transportation carriers.  *See* 42 U.S.C. §§12182, 12184.  Title II of the ADA applies to state prisons and prison services.  *See* **Pennsylvania Dep't of Corrections v. Yeskey**, 524 U.S. 206 (1998).

A plaintiff seeking relief under Title II of the ADA must allege that: (1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability.  **Constantine v. Rectors and Visitors of George Mason University**, 411 F.3d 474, 498 (4th Cir. 2005).  A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  *See* 42 U.S.C. §12131.

As the magistrate judge found, courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his/her disability.  *See, e.g.,* **Doe v. Pfrommer**, 148 F.3d 73, 82 (2d Cir. 1998) ("[i]n the case before us, it is clear that the plaintiff is in essence challenging the adequacy of . . . services, not illegal disability discrimination."); **Nails v. Laplante**, 596 F.Supp.2d 475, 481 (D. Conn. 2009) ("'a private suit for money damages under Title II of the ADA may only be maintained . . . if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability.'")

(quoting *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)); *Carrion v. Wilkinson*, 309 F.Supp.2d 1007, 1016 (N.D. Ohio 2004) ("'[t]he ADA . . . afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, but [does] not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities.'") (quoting *Galvin v. Cook*, 2000 WL 1520231 at *6 (D. Or. Oct. 3, 2000)); *Atkins v. County of Orange*, 251 F.Supp.2d 1225, 1232 (S.D.N.Y. 2003) ("with no allegation of disparate treatment, no claim for discrimination under the ADA . . . lies."); *Moore v. Prison Health Services, Inc.*, 24 F.Supp.2d 1164, 1168 (D. Kan. 1998) ("[p]laintiff's claim under the ADA is no more than a challenge to his medical care and therefore fails to state a claim for relief.").

In his objections to the magistrate judge's findings, the Plaintiff asserts that "I have alleged within my complaint that I was denied access to the mental health care program," and that "I was beaten and placed in a restraint chair twelve times because of my disability."

As the foregoing cases demonstrate, however, it is not enough, in asserting a Title II discrimination claim under the ADA, for the Plaintiff to show that he received inadequate care in light of his disability. He must demonstrate that he was excluded from participation in a program or activity, or otherwise discriminated against, on the basis of his disability. The Plaintiff failed to meet his burden in this respect. Accordingly, his first objection to the magistrate judge's R & R is **OVERRULED**.

### B. The Plaintiff's Motions for Sanctions and Judicial Notice

On November 26, 2012, the Plaintiff filed a "Motion for Sanctions and Judicial

Notice." With respect to the Defendant Wamsley, the Plaintiff asked the Court to take judicial notice of the fact that an agent of TVRJ signed for and accepted certified mail on Defendant Wamsley's behalf. Therefore, the Plaintiff alleges that Defendant Wamsley lied in an affidavit when she stated that she had not received a copy of the Plaintiff's Complaint by certified mail. The Plaintiff also alleges that Defendant Wamsley was engaged in the unauthorized practice of medicine, and is accordingly not entitled to the protection of W. Va. Code §55-7B-6 (containing prerequisites for filing an action against a health care provider). The Plaintiff bases this allegation on his assertion that Defendant Wamsley is not listed as ever having been a licensed psychologist according to the West Virginia Board of Examiners for Psychologists.

The Plaintiff additionally moves for sanctions against Thomas E. Buck, Esq., and Bruce M. Clark, Esq., both counsel for Defendant TVRJ, on the grounds that "[t]o suggest that placing the Plaintiff in a restraint chair twelve times over a four day span is proper medical treatment for a psychotic episode is such an egregious statement contrary to the concept of human decency sanctions are warranted."[3]

The Federal Rules of Evidence provide that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

---

[3]It was initially unclear from the Plaintiff's motion who was alleged to have made such a statement, when such statement was made, where such statement was made, or how such statement was made. After reviewing the Plaintiff's objections to the magistrate judge's R & R, however, it now appears that the Plaintiff is likely referring to page 7 of Defendant TVRJ's Reply Brief in Support of Defendant's Motion for Summary Judgment [Doc. 28], wherein TVRJ asserts through its counsel, Thomas E. Buck, Esq., and Bruce M. Clark, Esq., that "[i]t . . . appears that plaintiff is actually contending that it was improper to place him in a restraint chair during this psychotic episode, and he should have, instead, received some other type of treatment at that time."

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b). As this rule makes clear, however, only indisputable facts are susceptible to judicial notice. ***Nolte v. Capital One Financial Corp.***, 390 F.3d 311, 318 n. (4th Cir. 2004).

The Federal Rules of Civil Procedure provide that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). Rule 11(c) further provides that violations of Rule 11(b) may be punishable by sanctions.

Defendant Wamsley maintains that, although upon information and belief, the return receipt for the copy of the Complaint attempted to have been served on Defendant Wamsley at TVRJ bears the signature of a TVRJ employee, Defendant Wamsley is employed by Appalachian Community Health Center, an independent company that contracts with TVRJ, and TVRJ is not authorized to accept service on her behalf. Moreover, Defendant Wamsley maintains that while she is a mental health professional

10

who is employed as a case worker with Appalachian Community Health Center, she has never claimed to be a medical doctor or a licensed psychologist. Defendant Wamsley maintains that the Plaintiff's claim that Defendant Wamsley engaged in the unauthorized practice of medicine is completely unfounded.

Defendant TVRJ and Messrs. Buck and Clark, for their parts, maintain that they have not made any type of admission regarding the Plaintiff's alleged psychotic episode or the use of a restraint chair. Thus, they argue, such a fact is not only subject to reasonable dispute, but is actually being disputed in this case.

Sufficient factual disputes exist in this case to preclude the Court's taking judicial notice of any of the Plaintiff's asserted facts at the present time. It is equally clear that no violation of Rule 11(b) has taken place.

In objecting to the magistrate judge's R & R, the Plaintiff merely reasserts the allegations contained in his "Motion for Sanctions and Judicial Notice." Accordingly, the Plaintiff's second objection to the magistrate judge's R & R is **OVERRULED**.

### IV. <u>Conclusion</u>

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 37]** should be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the Plaintiff's Objections **[Doc. 38]** are **OVERRULED**.

Accordingly, the Plaintiff's Motions for Default Judgment **[Docs. 22 & 27]**, as well as the Plaintiff's Motion for Sanctions and Judicial Notice **[Doc. 31]** are hereby **DENIED**.

Furthermore, Defendant Tygart Valley Regional Jail's Motion to Dismiss **[Doc. 11]** is hereby **GRANTED**, and Defendant Tygart Valley Regional Jail is **DISMISSED WITH PREJUDICE** as a party defendant to this action. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of Defendant Tygart Valley Regional Jail.

Additionally, Defendant Lisa Wamsley's Motion to Dismiss **[Doc. 16]** is hereby **GRANTED**, and Defendant Lisa Wamsley is **DISMISSED WITHOUT PREJUDICE** as a party defendant to this action. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of Defendant Lisa Wamsley.

As a final matter, the Court **DIRECTS** the Clerk that this case be closed and stricken from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 1, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE